OSCN Found Document:IN RE REVISION OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 IN RE REVISION OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS
2014 OK CR 6
Case Number: CCAD-2014-2
Decided: 06/19/2014
IN RE REVISION OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS
As Corrected: June 23, 2014
Cite as: 2014 OK CR 6, __ __

IN RE: REVISION OF PORTION OF THE RULES OF THE COURT OF CRIMINAL 
APPEALS
ORDER ADOPTING REVISION IN AND REPUBLISHING 
PORTION
OF THE RULES OF THE COURT OF CRIMINAL APPEALS
¶1 We find that revision of the Rules for the Oklahoma Court of Criminal 
Appeals is necessary to ensure that exhibits depicting or containing child 
pornography are properly handled and secured throughout the State and that such 
exhibits are lawfully made available for review on direct appeal. Pursuant to 
the provisions of Section 1051(b) of Title 22 of the Oklahoma Statutes, we 
hereby revise, adopt, promulgate and republish portions of the Rules of the 
Oklahoma Court of Criminal Appeals, 22 O.S.Supp. 2013, Ch. 18, App. (2014), 
set forth as follows and as set out in the attachment to this order:

 
 RULE 2.2(G). When the Record Includes Child 
 Pornography
FORM 13.16 Order To Transport Sealed 
 Exhibits On Appeal
¶2 These revisions shall become effective on the date of this order.
¶3 IT IS SO ORDERED.
¶4 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 19th 
day of June, 2014.
/S/DAVID B. LEWIS, Presiding Judge
/S/CLANCY SMITH, Vice Presiding Judge
/S/GARY L. LUMPKIN, Judge
/S/CHARLES A. JOHNSON, Judge
/S/ARLENE JOHNSON, Judge
ATTEST:
/s/Michael S. Richie
Clerk
 
 
IN THE DISTRICT COURT OF ________________ COUNTY
THE STATE OF OKLAHOMA
 

 THE STATE OF OKLAHOMA,
                     Plaintiff,
  
 vs.
  
 ____________________________________,                    Defendant.
 
 )
 )
 )
 )
 )
 )
 )
 )
 
 District Court Case No. ___________________ 
 Appeal Case No. _______________________ 
ORDER TO TRANSPORT SEALED EXHIBITS ON APPEAL
 
The attached exhibit(s) numbering __________________________ were introduced 
at trial in the above styled case. At that time, this Court ordered the 
exhibit(s) placed in a sealed manila envelope and clearly marked with the 
caption and case number; the date the order was entered; the name of the judge 
who entered the order; and the word "SEALED". As the exhibit(s) are part of the 
record on appeal in this case and the Oklahoma Court of Criminal Appeals has 
issued its Notice to Transmit, I hereby order the Clerk of the District Court of 
__________________________ County, to deliver the exhibit(s) to the following 
individual: ___________________________________ in his or her official capacity 
as _______________________ for _____________________________________ to 
transport to the Court of Criminal Appeals. I further order 
___________________________________ in his or her official capacity as 
______________________________ for _____________________________________ to 
transport the exhibit(s), along with two (2) copies of the Order to Transport to 
the Clerk of the Court of Criminal Appeals, 2100 N. Lincoln, Suite 4, Oklahoma 
City, Oklahoma 73105 and hand-deliver the exhibits to the Clerk of Court of 
Criminal Appeals or his deputy clerk within ten (10) days of the date of this 
order.
IT IS SO ORDERED.
 
This order signed this __________ day of __________, 20__________.
 
__________________________________
Judge of the District Court
__________________________________
(Signature plus typed name and 
title)
 
CLERK'S CERTIFICATION OF EXHIBITS
 
I, ________________________, Clerk of the District Court of _________________ 
County, State of Oklahoma, do hereby certify that the exhibits attached to this 
Order to Transport Sealed Exhibits On Appeal are the true and correct exhibits 
filed under seal in the above entitled cause, as designated. In testimony 
whereof, I have hereunto set my hand and the seal of this Court this ________ 
day of ____________, 20_______.
 
(SEAL)
By:
_________________________
Court Clerk
 
RECEIPT TO TRANSPORT
 
I, ___________________________ in my official capacity as 
_________________________________ for _____________________________________, 
acknowledge receipt of the Order to Transport Sealed Exhibits On Appeal in the 
above styled case and the attached sealed exhibits. I understand that I must 
hand-deliver the exhibits and two (2) copies of the Order to Transport to Clerk 
of the Court of Criminal Appeals, 2100 N. Lincoln, Suite 4, Oklahoma City, 
Oklahoma 73105, within the time limits prescribed by the Oklahoma Court of 
Criminal Appeals.
 
Dated: _________ day of ________, 20______.
 
_______________________________________
______________________________________       
(Signature plus typed name and title)
 
APPELLATE COURT CLERK'S ACKNOWLEDGMENT OF RECEIPT
 
I acknowledge receipt of the Order to Transport Sealed Exhibits On Appeal in 
the above styled District Court Case and the attached sealed exhibits as part of 
the record on appeal this _______ day of ________, 20______,
 
(SEAL)
By:
_________________________
Appellate Court Clerk
 
 
Rule 2.2 Form and Contents of Record 
A. Duties of Clerk to Assemble Record. After a designation of the 
record is made, the trial court clerk shall promptly assemble, in chronological 
sequence, all of the instruments on file, together with transcripts as required 
by subpart B of this Rule, which have been designated for inclusion in the 
record on appeal. The instruments, numbered consecutively, indexed and bound in 
volumes which shall not exceed two hundred (200) pages each, shall be certified 
under the seal of the clerk of the trial court. All designations of record and a 
certified copy of all the appearance docket sheets, as well as the Judgment and 
Sentence AND/OR final order, shall be included. In accordance with Rule 
3.2, three (3) certified copies shall be prepared for transmission to this Court 
and appellant's attorney. The Court recognizes the provisions of Section 1054 of 
Title 22, but directs the clerk of the trial court to retain the original record 
in the trial court. See Rule 4.3 for duties in certiorari appeals. 
(Emphasis added by the Court)
B. Duties of Court Reporter to Assemble Exhibits.
(1) The court reporter shall ensure trial exhibits are indexed and 
incorporated into the transcript by physical attachment. In the event the 
exhibit cannot be physically attached, the court reporter shall attach a clear 
and viewable photograph or photocopy accurately depicting the exhibit to both 
the original transcript (or separate volume if necessary) and copies as required 
below. All copies of exhibits, including photographs, provided pursuant to this 
Rule shall be in color unless the original exhibit was in black and white. Black 
and white photo copies of color exhibits are not acceptable. If the exhibit is 
an audio or video tape or other electronically reproduced medium, the reporter 
shall be responsible for ensuring that the original and two (2) copies of the 
item are filed with the transcripts. In each instance, as a condition to the 
admissibility of the exhibit for consideration on appeal, the trial court shall 
ensure the party introducing the exhibit shall be responsible for both its 
reproduction in the same quality as the original, including delivery to the 
court reporter, and the cost of reproduction. If a party fails to comply with a 
reporter's request to provide copies of exhibits in accordance with this Rule, 
the court reporter, after completion of the transcripts, shall file a notice of 
non-completion with the clerk of the District Court and the Clerk of this Court 
setting out with specificity the items that have not been provided, when the 
request was made and the party who has failed to comply with this Rule.
(2) The original transcript, indexed and certified as correct, together with 
two (2) certified copies (original and three (3) certified copies in capital 
cases), and attached exhibits or photos or copies of exhibits, in volumes not to 
exceed three hundred (300) pages of text per volume, shall be filed with the 
court clerk in the trial court by the court reporter within sufficient time to 
allow the trial court clerk to file the notice required by Rule 2.3(A) within 
ninety (90) days of Judgment and Sentence in misdemeanor and regular felony 
appeals, and within six (6) months in capital appeals.
(3) Upon the filing of the transcript, the court reporter is required to 
notify in writing the defendant's appellate attorney, the district attorney, the 
attorney general, the trial court clerk and the Clerk of this Court that the 
transcripts have been filed with the trial court clerk. This notice shall be 
specific, itemizing and describing with particularity all transcripts (by volume 
number or date of hearing) and exhibits (by number/letter and description) filed 
with the court clerk. If more than one court reporter was involved in the 
proceedings at issue, each court reporter shall be responsible for filing a 
separate specific, itemized list. The clerk of the trial court shall file the 
notice with the record.
(4) No exhibits other than documentary, photographic or electronically 
recorded evidence, as required by subpart (B)(1) of this Rule, shall be 
incorporated into the record on appeal or transmitted to the Clerk of the Court 
of Criminal Appeals; PROVIDED HOWEVER, this Court may direct supplementation of 
the record for any exhibit necessary for the determination of the appeal. Under 
no circumstances will controlled or dangerous substances, weapons, or 
ammunition, or body fluids or tissues be included in the record.
C. Transcript Not Available. If no transcript has been previously 
prepared and no tape recording is available for any portion of the trial 
proceedings, the trial attorneys may stipulate or submit affidavits as to what 
transpired during the proceeding not transcribed or recorded. The trial judge 
shall enter an order adjudicating any matters upon which the attorneys cannot 
agree regarding what transpired during the unrecorded or untranscribed 
proceedings.
D. Transcript Available. The transcript prepared by the court reporter 
shall constitute the record of the proceedings from which it was transcribed. 
When such transcript is made, tape recordings made by the court reporter as a 
supplementary backup to the stenographic record to the completed transcript of 
proceedings shall not constitute a part of the official record unless such 
proceedings were recorded in accordance with Section 1223.1 of Title 22. 
See Sections 106.4(a), 106.4a, and 106.5 of Title 20. This Rule does not 
preclude findings of extreme necessity by the trial court that such recordings, 
if they exist, are necessary to supplement inadequate transcripts.
E. Form of Certification for Original Record in Trial Court. The 
original record to be filed in this Court must be certified by the clerk of the 
trial court utilizing the form set out in Section XIII, Form 13.9.
F. When a City or Municipality is a Party. When a city or municipality 
is a party, a certified copy of the specific ordinance(s) involved in the case 
shall be included in the record. It shall be the responsibility of the city or 
municipality to ensure the ordinance(s) are included in the record for appellate 
review. See Hishaw v. City of Oklahoma City, 1991 OK CR 122, 822 P.2d 
1139.
G. When the Record Includes Child Pornography. When the 
record includes exhibits which depict or contain child pornography 
(See Section 1024.1 of Title 21), the trial court shall 
take precautionary steps in the handling of such exhibits. An exhibit depicting 
or containing child pornography may only be possessed by the court, the court 
clerk, the district attorney, an assistant district attorney, and law 
enforcement. 
(1) An exhibit depicting or containing child pornography shall not be 
copied, duplicated, or reproduced in any manner. The condition to admissibility 
requiring the party introducing an exhibit to be responsible for delivering 
copies to the court reporter in Subsection B, above, shall not apply to an 
exhibit depicting or containing child pornography. 
(2) The trial court shall enter an order sealing any exhibit introduced at 
trial which depicts or contains child pornography in accordance with Section 
24A.29(A)(3) of Title 51. The trial court clerk shall take possession of the 
sealed exhibit and secure it in a locked, secured repository with access only as 
directed by the trial court and this Court. 
(3) An exhibit depicting or containing child pornography shall not be 
transmitted with the record. Upon receipt of the Notice to Transmit, the 
District Court shall enter an Order to Transport directing the district 
attorney, assistant district attorney or law enforcement to transport the 
exhibit under seal with two (2) copies of the Order to Transport and 
hand-deliver both the sealed exhibit and the copies of the Order to Transport to 
the Clerk of this Court. Any exhibit depicting or containing child pornography 
shall be transported to the Clerk of this Court within ten (10) days of receipt 
of the Notice to Transmit. The trial court clerk shall certify the exhibit on 
the copies of the Order to Transport utilizing the form set out in Section XIII, 
Form 13.16. 
(4) Upon receipt of the sealed exhibit and copies of the District Court's 
Order to Transport, the individual transporting such an exhibit shall execute 
and file a Receipt to Transport and acknowledge receipt of the sealed exhibit 
with the trial court clerk. The individual shall maintain proper 
chain-of-custody of the exhibit until hand-delivered to the Clerk of this Court 
with two (2) copies of the Order to Transport. The individual shall return one 
copy of the District Court's Order to Transport with the Clerk of this Court's 
acknowledgment of receipt to the trial court clerk. 
(5) Upon receipt of a sealed exhibit depicting or containing child 
pornography, the Clerk of this Court shall acknowledge receipt of the exhibit on 
one (1) copy of the District Court's Order to Transport and file one (1) copy of 
the Order to Transport. The clerk of this Court shall enter the exhibit on the 
case docket and secure the exhibit in a locked, secured repository with access 
only as directed by this Court. Counsel for Appellant and for the State may 
contact the Marshal of this Court for viewing of any exhibit depicting or 
containing child pornography. When an exhibit depicting or containing child 
pornography is no longer needed for judicial review, this Court will order 
destruction of the exhibit. 
 
 




 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 Title 22. Criminal Procedure Cite
Name
Level 22 O.S. Rule 2.2, Form and Contents of Record
Cited
Citationizer: Table of Authority
Cite
 Name
 Level
 None Found.